IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAMARCIS MARCH,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No.  12-cv-198-CJP[1] |
| | ) |
| **JOHN T. RATHMAN** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Damarcis March filed a petition for writ of habeas corpus under 28 U.S.C. §2241challenging the loss of 41 days of good conduct credit imposed as a sanction pursuant to a prison disciplinary proceeding.  (Doc. 1).

### Correct Respondent

At the time he filed the petition, March was in custody at FCI Greenville.  He has now been transferred to FCI Talladega.  (Doc. 22).  The transfer does not divest this Court of subject matter jurisdiction.  **Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004).**  Respondent waives the issue of venue.  **See, Doc. 16, p.2**.  Therefore, the warden of FCI Talladega, John T. Rathman, is substituted as respondent.  See, **Bridges v. Chambers, 425 F.3d 1048, 1049-50 (7th Cir. 2005).**

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 27.

**Relevant Facts and Procedural History**

March is serving a 360 month sentence for conspiracy to distribute cocaine base, possession with intent to distribute cocaine base, and carrying and use of a firearm in relation to a drug trafficking crime. His projected release date is in September, 2026. See, Doc. 16, Ex. A.

On March 25, 2011, a correctional officer found a 6.5 inch metal rod with a sharpened end in March's cell at FCI Greenville. According to the incident report, the weapon was found under a locker near the sink. March and one other inmate were assigned to the cell. The officer stated in his report that the weapon was found in a common area and "was easily accessible to both inmates assigned to the cell." Doc. 16, Ex. B, p.1. March appeared before the Unit Disciplinary Committee and stated that the weapon was not his. The UDC referred the matter to a Disciplinary Hearing Officer (DHO). *Id.*

A disciplinary hearing was held on April 20, 2011. March denied having any knowledge of the weapon. He pointed out that his previous cellmate had left two or three days before the weapon was found. He admitted having received and read a copy of the prison handbook. Ex. B, p. 4. The DHO found that March's new cellmate had not yet moved into the cell. He acknowledged that it was possible that the weapon had belonged to March's prior cellmate, but noted that "ultimately you are responsible for any contraband found in your assigned areas and you had ample time to search your cell to ensure it was free of any contraband." The DHO found him guilty of a violation of Code 104, possession,

manufacture or introduction of a weapon. Ex. B, p. 5.

March exhausted his remedies using the BOP's Administrative Remedy Program. At the administrative level, he alleged that there was insufficient evidence that he possessed the weapon. Doc. 16, Ex. C.

### Claims Raised in the Petition

Petitioner claims that the evidence was insufficient to show that he actually or constructively possessed the weapon for the following reasons:

1. The weapon was not found in his locker or on his person, and it was not fingerprinted.

2. The weapon was found under the empty locker that had been used by his former cellmate and it was found "by a trained specialist utilizing tools unavailable to inmates."

3. There was no evidence that petitioner knew the weapon was in the cell.

4. Constructive possession was not proven by a preponderance of the evidence.

### Applicable Legal Standards

Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief pursuant to 28 U.S.C. §2241. **Jackson v. Carlson, 707 F.2d 943, 946 (7th Cir. 1983).**

Inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." **Wolff v. McDonnell, 94 S.Ct. 2963, 2975 (1974).** The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges

3

in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. **Wolff, 94 S.Ct. at 2978-2980; Henderson v. U.S. Parole Commission, 13 F.3d 1073, 1077 (7th Cir. 1994).**

The findings of the disciplinary hearing officer must be supported by "some evidence in the record." **Superintendent v. Hill, 105 S.Ct. 2768, 2773 (1985).** This Court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." **Id**.

Under the "some evidence" standard, this Court does not reweigh the evidence or determine credibility. **Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 1996)**. The evidence need not be sufficient to logically exclude any result except the one reached by the prison decision maker. **Viens v. Daniels, 871 F. 2d 1328, 1334-1335 (7th Cir. 1989)**. Further, only evidence that was presented to the hearing officer is relevant to the determination of whether there was "some evidence." **Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992).**

## Analysis

Petitioner's claim that there was insufficient evidence to support the finding that he violated Code 104 must be rejected under binding Seventh Circuit precedent.

Petitioner's claims are based on a misunderstanding of the quantum of proof that was required at the hearing. He refers to the preponderance of the evidence standard in his petition. However, that is not the applicable standard. The findings in prison disciplinary proceedings need only be supported by "some evidence." **Superintendent v. Hill, supra**. "The 'some evidence' standard is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record**." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir.1999).**

The evidence before the DHO indicated that there were only two inmates assigned to the cell, and the weapon was found in an area that "was easily accessible to both inmates assigned to the cell." Doc. 16, Ex. B, p.1. That evidence satisfies the "some evidence" standard. "The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical." **Hamilton v. O'Leary, 976 F.2d 341, 345 (7th Cir. 1992).** In **Hamilton**, the Seventh Circuit held that the decision finding the petitioner guilty was supported by "some evidence" where weapons were found in a cell occupied by four inmates. **Hamilton, 976 F.2d at 346.** The evidence here is even stronger, as March had only one cellmate.

March argues that he was denied due process because it was not proved that he either actually possessed the weapon or that he actually knew the weapon was there. He is incorrect. The prison may apply a rule of "collective

5

responsibility," as was done here.  The Seventh Circuit held in **Hamilton, supra**, that collective responsibility does not violate the Constitution.  "No later decision in the circuit has held otherwise."  **Shelby v. Whitehouse**, **399 Fed. Appx. 121, 122 (7th Cir. 2010).**

Lastly, March argues that the weapon was accessible only by using specialized tools.  Presumably, his point is that he could not access the weapon because he did not have such specialized tools. There are two problems with this argument.  First, according to the Regional Office response to his grievance, March did not raise this issue before the DHO or present any evidence that tools were used to gain access to the weapon.  Doc. 16, Ex. C.  The forum for litigating March's guilt was the DHO hearing, and he cannot "relitigate his guilt in federal court."  **Hamilton, 976 F.2d at 347**.  The second problem is that this argument is completely unsupported by the record.  March points to no evidence that tools, specialized or otherwise, were used by the officer who discovered the weapon.  The incident report says that the weapon was easily accessible to both inmates, which indicates that no specialized tools were required to access the weapon.

## Conclusion

Petitioner has not demonstrated that he was denied due process in connection with the disciplinary proceedings.  Therefore, the Petition for Writ of Habeas Corpus Under 28 U.S.C.  §2241 **(Doc. 1)** is **DENIED.**

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

DATE:  February 20, 2014.


                                        s/ Clifford J. Proud
                                        CLIFFORD J. PROUD
                                        UNITED STATES MAGISTRATE JUDGE